1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF WASHINGTON

3

4

5    UNITED STATES OF AMERICA,

6                    Plaintiff,                    CR-12-2073-FVS

7            v.                                    ORDER DENYING MOTION TO
                                                   VACATE
8

9    ALEX ROBLES-PEREZ,

10                   Defendant.

11

12        **THIS MATTER** comes before the Court based upon Alex Robles-Perez's

13   motion to vacate his conviction on the ground his trial attorney

14   deprived him of effective assistance of counsel in violation of the

15   Eighth Amendment by failing to challenge the removal order that led to

16   his prosecution under 8 U.S.C. § 1326.  He is representing himself.

17   The United States is represented by Alison L. Gregoire.

18        **BACKGROUND**

19        Alex Robles-Perez is a citizen of Mexico.  On August 23, 2012, an

20   Immigration Enforcement Agent found Mr. Robles-Perez in the Yakima

21   County (Washington) Jail.  Subsequent investigation revealed Mr.

22   Robles-Perez had been removed from the United States on a number of

23   occasions.  On October 10, 2012, an Indictment was filed charging him

24   with the crime of Alien in the United States after Deportation.  8

25   U.S.C. § 1326.  The United States offered him a "fast track" plea

26   agreement, which he accepted on February 14, 2013.

Order - 1

The plea agreement was presented to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The parties proposed a binding sentence of 30 months imprisonment.  (Plea Agreement at 2, 8.)  This represented a downward variance of approximately four levels.  Besides agreeing to a 30-month prison sentence, Mr. Robles-Perez waived his right to appeal the judgment, and, with one exception, he waived his right to mount a post-conviction challenge.  The exception is this:  He may seek post-conviction relief on the ground he was denied effective assistance of counsel, but only if his claim is based "on information not now known by [him] and which, in the exercise of due diligence, could not be known by [him] by the time the Court imposes sentence."  *Id.* at 9.

The Court accepted the proposed plea agreement and, on February 14, 2013, sentenced Mr. Robles-Perez to a term of 30 months imprisonment.  He is in the custody of the Bureau of Prisons.  On March 27, 2014, he filed a motion to vacate the judgment.  28 U.S.C. § 2255.  He alleges the attorney who represented him in the instant action deprived him of effective assistance of counsel in violation of the Eighth Amendment by failing to challenge the removal order that led to his prosecution under 8 U.S.C. § 1326.  Mr. Robles-Perez alleges two errors occurred in the underlying removal proceedings.  For one thing, he claims there is no evidence he validly waived his right to counsel at the removal hearing.  For another thing, he claims the record does not reflect he was advised in Spanish of his right to appeal.  ("Motion Under 28 U.S.C. § 2255 To Vacate" at 8.)  He maintains the attorney who represented him in the instant action

Order - 2

should have noticed the errors that allegedly occurred in the removal hearing.[1]

**RULING**

Plea Agreement Contains A Valid Waiver Of Post-Conviction Remedies

With one exception, Mr. Robles-Perez expressly waived his right to file a motion to vacate the judgment pursuant to 28 U.S.C. § 2255. The waiver is clear. There is no reason to question its validity. Consequently, Mr. Robes-Perez is bound by its terms. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005) ("[W]e will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face."). He may not file a § 2255 motion unless he fits within the exception set forth in the Plea Agreement. According to the terms of the exception, he may seek post-conviction relief on the ground he was denied effective assistance of counsel, but only to the extent the claim is based "on information not now known by [him] and which, in the exercise of due diligence, could not be known by

[1]Over one year after judgment was entered in the instant action, Mr. Robles-Perez filed a notice seeking to commence a direct appeal of the judgment. As a general rule, a district court should not consider a § 2255 motion while a direct appeal is pending. *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir.1991); *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987). However, since Mr. Robles-Perez's notice of appeal appears to be untimely, and since it is unlikely the Ninth Circuit will allow him to commence a direct appeal at this late date, the Court properly may consider his § 2255 motion.

Order - 3

[him] by the time the Court imposes sentence." (Plea Agreement at 9.)

Mr. Robles-Perez Waived Ineffective Assistance Claim Based Upon Alleged Defects In Removal Hearing

Mr. Robles-Perez alleges there is no evidence he validly waived his right to counsel at the removal hearing, and he alleges there is no record he was advised in the Spanish language of his right to appeal.  However, he may not bring an ineffective assistance claim based upon the preceding allegations unless, at the time he was sentenced in the instant action, he was unaware of the alleged defects in the removal hearing and he could not have discovered them through the exercise of due diligence.  Mr. Robles-Perez cannot satisfy that requirement.  He was present at the hearing.  Presumably, then, he knew what occurred.  He knew whether or not he was represented by an attorney, and he knew whether or not he was advised in Spanish of his right to appeal the removal order.  Since he knew those things prior to pleading guilty in the instant action, he cannot assert them now as the basis for an ineffective assistance claim.

In response, Mr. Robles-Perez may deny he understood, until now, the legal significance of the omissions that allegedly occurred at the removal hearing.  He may be correct.  However, a lack of understanding will not save his ineffective assistance claim.  The issue is whether he knew, or reasonably should have known, at the time he was sentenced the facts giving rise to the claim he now seeks to assert.  It matters not whether he knew the legal significance of those facts.  *Cf. Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir.2001) (explaining "due diligence" in the context of 28 U.S.C. § 2244(d)(1)(D)).

**IT IS HEREBY ORDERED:**

1. Alex Robles-Perez's "Motion Under 28 U.S.C. § 2255 to Vacate" (**ECF No. 36**) is **denied**.

2. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Robles-Perez and to counsel for the United States.

**DATED** this __14th__ day of August, 2014.

_____
Fred Van Sickle
Senior United States District Judge

Order - 5